JESSE J. SIMKINS *vs.* NORWICH AND NEW LONDON STEAM-
BOAT COMPANY.

If it be the general custom of a carrier to forward by sailing vessels all goods des-
tined beyond the end of his line, he is not liable for not forwarding a particular
article by a steam-vessel, unless the direction to do so be clear and unambiguous.

ACTION against the defendants for negligence in the trans-
portation of a fishing seine, so that it arrived at its destina-
tion too late for the season. It was submitted to the court
of common pleas, and by appeal to this court, upon an
agreed statement of facts. On the 5th September, 1850, the
plaintiff's agent delivered to the agent of the Boston and
Worcester Railroad Corporation, at their station in Boston, a
case containing the fishing seine in question, for which this re-
ceipt was given : " Boston and Norwich Railroad Corporation.
Boston Depot, September 5th, 1850. Received from William
Stowe, Agent;

| ARTICLES. | MARKS. | WEIGHT OR MEASURE. |
|---|---|---|
| One Case of Merchandise. | Hardy & Dolk, Norfolk, Virginia. | |
| To be forwarded by Steam-boat and Railroad. | For J. J. Simkins, East-ville, Virginia. | |

Numbered and marked as above, which the company prom-
ises to forward by its railroad, and deliver to        or order,
at its depot, in        and will not hold itself responsible

beyond the sum of two hundred dollars on any package that may be lost, stolen or damaged, unless otherwise agreed to by special contract; freight therefor to be paid.

N. B.    If merchandise be not called for on its arrival, it will be stored at the risk and expense of the owner.

E. B. PHILLIPS, *for the corporation.*    Mansfield."

The case was marked thus: " Hardy and Delk, Norfolk, Virginia.    To be forwarded by steamboat and railroad, for J. J. Simkins, Eastville, Virginia."    No oral directions accompanied the delivery, and no notice was given of the contents of the case.    No such corporation existed as the Boston and Norwich Railroad Corporation; but the Boston and Worcester Railroad Corporation, (chartered by the laws of Massachusetts,) the Norwich and Worcester Railroad Corporation, (chartered by the laws of Massachusetts and Connecticut,) together owning a continuous line of railroad to Allen's Point, and the Norwich and New London Steamboat Company, (the defendants,) owning and running a line of steamboats from Allen's Point to New York, constituted together a line of transportation from Boston to New York, for which association said freight agent received freight at the Boston end of the line, but in regard to which he acted as common agent, or as agent of the defendants, only so far as can be implied from the agreement or understanding hereafter set forth.    Said case was received by said freight agent's clerk on the evening of the fifth day of September, 1850, and no price was then paid for its freight.    In the common course of business the case was forwarded by the two railroads to Allen's Point, and thence by defendants' passenger steamboat line to New York, where it arrived on the eighth.    On its arrival there no demand being made for it on the part of the plaintiff, the defendants' agent on the next day put it on board a sailing vessel bound to Norfolk, receiving from said vessel the amount of freight dues already accrued, and leaving to said vessel, according to custom in such cases, to collect said advance and their own charges at the place of delivery.    The case did not arrive at Norfolk till the 22d of September.    If it had been forwarded by railroad and

steamboat to Norfolk, it would, under ordinary circumstances, have reached its destination by September 13th or 14th.

It was agreed that the defendants' custom, in the absence of any instructions to the contrary, was to send freight destined for Norfolk, Virginia, by sea route and a sailing vessel, instead of by land; there being no continuous express or forwarding line between New York and Norfolk, and the expense of such transportation, by way of different connected railroad and steamboat lines, being some twenty times greater. It was agreed that the receipt referred to, (with its printed regulations on the back,) and the marking on the case constituted the only directions or guidance which the defendants or the freight agent at Boston received. The most material regulation on the back of said receipt was as follows: "All articles of freight must be plainly and distinctly marked, or they will not be received by the company; and when designed to be forwarded, after transportation on the railroad, a written order must be given; with the particular line of boats or teams marked on the goods, if any such be preferred or desired." It was also agreed that freight destined for New York, delivered at the Boston station of the Boston and Worcester Railroad, went by three routes to New York: 1. A continuous railroad route, *via* New Haven. 2. By railroad and passenger steamboat route, *via* Allen's Point; and 3. By railroad and propeller or freight steamboat route, *via* Allen's Point; and that said freight agent's practice was to send freight marked like the present by the passenger steamboat route to New York, in distinction from the propeller line. To connect the agency of the freight agent of the Boston and Worcester Railroad Corporation with the defendants, it was agreed that the charters of the two railroad companies and of the defendants, as also an agreement between the defendants and the Norwich and Worcester Railroad Corporation, might be referred to by either party, but the final decision of the case renders their report unnecessary. It was also agreed that the said Boston and Worcester Railroad Corporation have, since the date of said agreement, run trains through from Boston to Allen's Point in pursuance of said arrange-

ment; that the agent of the Boston and Worcester Railroad Corporation receives freight which is to be forwarded by said line, and takes pay through to New York, if paid in advance, or if not so paid, makes up a way bill, charging a single rate of freight for the whole distance, being a rate agreed upon by the defendants in connection with said railroad corporations; that said freight is divided by giving the defendants the proportion named in said agreement, and then the residue is subdivided between the said railroads according to an agreed proportion; and that said division is made monthly; and that the freight received on said seine from said sailing vessel was in fact divided between the said three parties; that no written agreement exists between the defendant and the Boston and Worcester Railroad Corpora tion, but the practice above described is well established and understood, and fully recognized as an agreement.

If on these facts the plaintiff is entitled to recover, the defendants are to be defaulted and damages assessed hereafter If otherwise, judgment is to be entered for the defendants.

*J. G. King*, for the plaintiff.

*G. Bemis*, for the defendants.

DEWEY, J.   The agreement existing between these three companies as to the business of transporting goods from Boston to New York, will render the defendants liable for any default or neglect of duty therein.   If any objection could have been taken on the ground that the suit was brought against the defendants solely, it could only be by a plea in abatement.

The great difficulty of the case arises upon the contract upon which the court are called on to give a construction That contract is ambiguous on its face to some extent.   Its construction may be somewhat decided by extrinsic facts, particularly on the point, whether the defendants are to be charged as common carriers from Boston to Norfolk?   The agreed facts show that the defendants and their associates were not in fact engaged in carrying goods by any lines of railroads, steamboats, or other conveyances under their contract. We think their undertaking was to carry to New York, and then to forward the box by other lines to its final destination.

It was their duty to carry the same safely and in a proper mode of conveyance to New York, and to forward it by other lines. The defendants neither charged nor received freight for the same beyond New York. The box having been properly, in all respects, carried to New York, the only ground of complaint is, the neglect of the defendants to forward the same in a proper manner to Norfolk. The plaintiff alleges that by the terms of the contract, the defendants were required to forward the box from New York by steamboat and railroad, and not by a sailing vessel.

It is conceded that the custom of the defendants, in the absence of any direction to the contrary, was to send goods destined to Norfolk, by a sailing vessel or sea route. But the plaintiff contends that there was, in the present case, a particular direction, which required it to be sent by steamboat and railroad. The box was marked thus : " One case of merchandise. To be forwarded by steamboat and railroad. Hardy & Delk, Norfolk, Va., for J. J. Simkins, Eastville, Va." This direction is, however, ambiguous. It may have reference to the transit to New York, that being the defendants' line of transportation. It may have been intended to apply to the whole route to Norfolk. But it fails of that direct and specific instruction, which was required, if the plaintiff would require the defendants to depart from the ordinary mode of forwarding by a sailing vessel from New York. The defendants had no interest in the profits of transportation beyond New York. To subject them to damages for forwarding from New York by their usual mode, a mode only one twentieth of the expense of sending by a line of various railroads and steamboats having no common connection, and, therefore, not naturally to be resorted to, the plaintiff must establish a plain case of instructions to that effect. It would have been easy to have designated the line by which the article was to be forwarded from New York with more precision, and to have accompanied it with some special notice that it was to be sent by the most speedy mode of conveyance. This was the more necessary, inasmuch as the sea route was the more usual one, was much less expensive, and in time of conveyance, differed only a few days.

Upon these grounds, the court are of opinion that the plaintiff is not entitled to maintain his action, and judgment must be entered for the defendants.

*Judgment for the defendants.*